UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Gregory Younger,<br><br>   Plaintiff,<br><br>v.<br><br>Wellpath Recovery Solutions;<br>Erin Gaffney; Michelle Dube; C. Nickles;<br>Dr. Benjamin Franklin Thomas, Jr.;<br>Carl Nesbitt; Latonia Grasty;<br>South Carolina Department of<br>Mental Health; Kelly Gothard; and<br>Nursing Staff John and Jane Doe,<br><br>   Defendants. | Case No. 2:24-cv-06066-JD-MGB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, appearing *pro se*, brings claims under 42 U.S.C. § 1983 and state law. Before the Court is a Motion to Dismiss filed by Defendants South Carolina Department of Mental Health ("SCDMH") and Kelly Gothard, a Director at the SCDMH (collectively, "Defendants"). (Dkt. No. 29.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons set forth below, the undersigned recommends Defendants' Motion be granted.

## BACKGROUND

In the Complaint, Plaintiff alleges he was civilly committed into the custody of the SCDMH on April 27, 2021. (Dkt. No. 1-1 at 6.) Plaintiff's claims arise from alleged improper dental care he received on July 22, 2021, and August 5, 2021, and the alleged failure to adequately treat Plaintiff's pain and suffering following these incidents. (*Id*. at 8–25.) Plaintiff frames his

1

claims as violations of his constitutional rights under the Eighth and Fourteenth Amendments and as violations of the South Carolina Tort Claims Act. (*Id.* at 5.)

On October 24, 2024, Defendants Wellpath Recovery Solutions; Facility Director Erin Gaffney; Dr. Benjamin Franklin Thomas, Jr.; Clinical Director Michelle Dube; Health Services Administrator C. Nickles; Kitchen Supervisor Carl Nesbitt; and Nursing Director Latonia Grasty (collectively, "Wellpath Defendants") removed this case from the Richland County Court of Common Pleas, South Carolina. (Dkt. No. 1.) On November 1, 2024, the undersigned issued an Order noting that "Plaintiff's complaint also appears to name SCDMH and Kelly Gothard as Defendants," but that these Defendants had not yet appeared in this action. (Dkt. No. 8.) The Court allowed Plaintiff additional time to serve these Defendants with process. (*Id.*) On November 2, 2024, Defendants SCDMH and Kelly Gothard filed a Motion to Dismiss.[1] (Dkt. 10.)

On November 19, 2024, the Wellpath Defendants filed a Suggestion of Bankruptcy notifying the Court that Wellpath Recovery Solutions filed a bankruptcy petition, seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. (Dkt. No. 13.) On January 6, 2025, the Court entered an order staying this action based on the bankruptcy proceedings and dismissing the Motion to Dismiss. (Dkt. No. 21.) The Court lifted the stay on March 12, 2025, and allowed Defendants SCDMH and Kelly Gothard additional time to file a responsive pleading to the underlying Complaint. (Dkt. No. 27.) Defendants SCDMH and Kelly Gothard filed a renewed Motion to Dismiss on March 24, 2025. (Dkt. No. 29.) The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 30.) After receiving an extension, Plaintiff filed a response in opposition on July 7, 2025 (Dkt.

---

[1] These Defendants are represented by counsel separate from the Wellpath Defendants.

2

No. 48), and Defendants filed a reply brief on July 14, 2025 (Dkt. No. 50). Defendants' Motion to Dismiss has been fully briefed and is ripe for review.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In their Motion, Defendants argue for dismissal because, *inter alia* (1) "there are no specific allegations by Plaintiff of actionable conduct against Kelly Gothard"; and (2) Plaintiff's claims are barred by the Eleventh Amendment. (Dkt. No. 29.)

### A.    Claims against Kelly Gothard

Defendants first argue that the Complaint does not allege any actionable conduct by Gothard, and she should therefore be dismissed from this action. (Dkt. No. 29 at 3, 5–6.) Upon careful review, the undersigned agrees with Defendants that the Complaint fails to mention

3

Defendant Kelly Gothard, aside from naming her as a Defendant in the heading of the Complaint. (Dkt. No. 1-1 at 4.) There are no allegations indicating Gothard was involved in the events giving rise to this action. While Plaintiff appears to argue in his response brief that he brings a § 1983 supervisory liability claim against Gothard, there are no allegations supporting such a claim in the Complaint.[2] (Dkt. No. 48 at 6.) A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights, *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017), and therefore, any § 1983 claims against Gothard fail as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability").

And assuming Plaintiff seeks to bring any state tort claims against Gothard, Gothard is immune from suit for such claims under the South Carolina Tort Claims Act ("SCTCA"). More specifically, the SCTCA is the exclusive remedy for individuals suing government employees acting within the scope of their employment. S.C. Code Ann. § 15-78-70(a). The SCTCA specifies that "[i]n the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as a party defendant." S.C. Code Ann. § 15–

---

[2] Additionally, the allegations included in Plaintiff's response brief do not sufficiently allege a § 1983 supervisory liability claim based on alleged misconduct by subordinates or a problematic policy or custom. (Dkt. No. 48 at 6.) *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (a supervisor can be liable where (1) she knew that her subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) her response showed "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between her inaction and the constitutional injury.); *see also Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (considering § 1983 claim based on alleged unconstitutional policy and finding "[t]he challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights"); *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 468 (M.D.N.C. 2016) (dismissing supervisory liability claim where plaintiff failed "to allege facts sufficient to show a widespread pattern or practice from which to derive [the defendant's] liability").

78–70(c). The statute covers employee conduct insofar as it is not "outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–60; *see also* S.C. Code § 15–78–70(b); *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (noting that an employee of a government entity is personally liable for a tort, only when the employee's conduct falls within the exceptions listed in § 15-78-70(b)). As discussed above, the Complaint does not allege any specific conduct by Gothard, and therefore, she is immune from suit for any state law claims under the SCTCA.[3] *See Lewis v. City of N. Charleston*, No. 220-cv-03863-DCN-MGB, 2021 WL 11448441, at *3 (D.S.C. Mar. 8, 2021) (considering state law claims brought against multiple individual defendants and finding those claims should survive only where they contained allegations indicating the specific defendant "acted within the scope of § 15-78-70(b)").

Based on the foregoing, the undersigned recommends Gothard should be dismissed from this action.

### B.      Eleventh Amendment Immunity

Defendants next argue that any claims against them are barred by the Eleventh Amendment. (Dkt. No. 29 at 4–5.) Here, Defendants also note that the Complaint may be conflating the State of South Carolina and the SCDMH and further argues that any claims against the State of South Carolina are also barred by the Eleventh Amendment. (*Id.*)

Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519

---

[3] As discussed *infra* section B, the undersigned recommends the Eleventh Amendment bars any claims against the SCDMH. Accordingly, substitution of the SCDMH for any state tort claims purportedly brought against Gothard is not appropriate here.

U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

Accordingly, the State of South Carolina, and the SCDMH, a state agency, are both protected from suit pursuant to the Eleventh Amendment. *See Findley v. South Carolina*, No. 1:25-cv-2769-RMG-SVH, 2025 WL 1886074, at *7 (D.S.C. June 17, 2025) ("Because the Eleventh Amendment bars suits by citizens against non-consenting states brought in either state or federal court, the state of South Carolina and the South Carolina Department of Mental Health are subject to dismissal."), *adopted by*, 2025 WL 1884118 (D.S.C. July 8, 2025); *Hunt v. South Carolina*, No. 8:18-cv-2241-TMC-JDA, 2018 WL 7150756, at *3 (D.S.C. Sept. 18, 2018) ("[T]he State of South Carolina and the South Carolina Department of Mental Health are both protected from suit pursuant to § 1983 by the Eleventh Amendment . . . ."), *adopted by*, 2019 WL 401412 (D.S.C. Jan. 31, 2019). Further, to the extent Defendant Gothard is sued in her official capacity, such a claim "is the same as asserting a claim against the Department of Mental Health, a state agency." *LaSure v. S. C. Mental Health*, No. 9:15-cv-1357-RBH-BM, 2016 WL 11423544, at *5 (D.S.C. Feb. 29, 2016) (finding claim against SCDMH employee was barred by the Eleventh Amendment), *adopted by*, 2016 WL 5027589 (D.S.C. Sept. 20, 2016), *aff'd sub nom. Lasure v. SC Mental Health*, 675 F. App'x 357 (4th Cir. 2017).

As indicated by Plaintiff (Dkt. No. 48 at 4), by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise

6

would have been subject to in state court. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 619 (2002) ("A State's voluntary appearance in federal court waives sovereign immunity for claims where a state has consented to suit in its own courts for such claims); *see also Cameron v. Cox*, No. 10-cv-1278-HFF-SVH, 2011 WL 1235308, at * 4 (D.S.C. Jan. 21, 2011), *adopted by*, 2011 WL 1212177 (D.S.C. Mar. 30, 2011). This case, however, was removed to federal court by the Wellpath Defendants. (Dkt. No. 1-1.) Defendants Gothard and the SCDMH (and the State of South Carolina) had not yet appeared when this action was removed, and the record does not otherwise indicate they voluntarily consented to the removal.[4] *See Fishbourne v. Murdaugh*, No. 3:24-cv-4472-JFA, 2025 WL 465751, at *4 (D.S.C. Feb. 11, 2025) (finding state tort claims brought against the South Carolina Supreme Court and the State of South Carolina were barred by the Eleventh Amendment despite the action's removal to federal court because "the State and the Supreme Court did not consent to removal of this action; they had not even appeared when the case was removed by the Solicitor Defendants and Defendant Matthews. Instead, the State and Supreme Court Defendants have answered by expressly invoking Eleventh Amendment immunity."). Accordingly, the Eleventh Amendment bars any claims alleged against SCDMH (and the State of South Carolina) as well as any official capacity claims alleged against Gothard.[5]

---

[4] Additionally, voluntary removal only waives Eleventh Amendment immunity for state court claims, not § 1983 claims. *See Land v. Barlow*, No. 2:21-cv-01883-RMG-MHC, 2021 WL 6495298, at *4 (D.S.C. Nov. 17, 2021) (rejecting argument that "by removing the case to federal court, . . . [defendant] waived sovereign immunity"; "Because South Carolina has not consented to a § 1983 suit in state court, such a suit is barred in federal court, even following removal."), *adopted by*, 2021 WL 5997984 (D.S.C. Dec. 20, 2021); *Briggs v. S.C. Dep't of Corr.*, No. 9:13-cv-1348-RMG, 2014 WL 1278173, at *21 (D.S.C. Mar. 27, 2014) ("[S]ince South Carolina has by virtue of the SCTCA generally consented to suit for tort claims filed against it in state court, the Defendants' voluntary removal of this case to federal court has waived the State's Eleventh Amendment immunity from suit in this Court for those types of claims.")

[5] Having found dismissal appropriate on the foregoing grounds, the undersigned does not address Defendants' remaining arguments for dismissal.

**CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Defendants' Motion to Dismiss (Dkt. No. 29) be GRANTED and Defendants Kelly Gothard and the SCDMH be dismissed from this action. The Wellpath Defendants have not moved for dismissal of the claims against them, and those claims will proceed to summary judgment.

July 17, 2025  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).