IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Gregory Younger, | ) | Case No.: 2:24-cv-06066-JD-MGB |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Wellpath Recovery Solutions; Erin Gaffney; Michelle Dube; C. Nickles; Dr. Benjamin Franklin Thomas, Jr.; Carl Nesbitt; Latonia Grasty; South Carolina Department of Mental Health; Kelly Gothard; and Nursing Staff John and Jane Doe, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 52) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants South Carolina Department of Mental Health ("SCDMH") and Kelly Gothard's (a Director at SCDMH) (collectively, "Defendants") Motion to Dismiss (DE 29).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff James Gregory Younger ("Plaintiff" or "Younger"), proceeding *pro se*, alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments and state law while civilly committed to the custody of the SCDMH beginning April 27, 2021. (DE 1-1 at 6.) Plaintiff claims that on July 22, 2021, and August 5, 2021, he received improper dental care and inadequate treatment for injuries, including "a large gaping hole in the roof of his mouth, his gums, his ridges, and his upper jaw bone structures were blown out and severely fractured." (*Id.* at 10.)

The action was filed in the Richland County Court of Common Pleas and removed to this Court by Defendants Wellpath Recovery Solutions and several associated staff members on October 24, 2024. (DE 1.) On November 1, 2024, the Court noted that Plaintiff's complaint appeared to name SCDMH and Gothard as defendants, but they had not yet appeared. (DE 8.) On March 24, 2025, following the lifting of a bankruptcy stay (DE 27), SCDMH and Gothard filed the present Motion to Dismiss (DE 29). Plaintiff filed a response in opposition on July 7, 2025 (DE 48), and Defendants filed a reply on July 14, 2025 (DE 50).

### B. Report and Recommendation

On July 17, 2025, the Magistrate Judge issued the Report recommending Defendants Motion to Dismiss (DE 29) be granted and that Defendants SCDMH and Gothard be dismissed from this action for two reasons.

First, as to Defendant Gothard, Plaintiff's Complaint fails to allege any actionable conduct by Gothard aside from naming her in the caption. (DE 1-1 at 4; DE 52 at 4.) Under 42 U.S.C. § 1983, liability requires personal involvement, and

2

vicarious liability is inapplicable. (*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); DE 52 at 4.) Plaintiff's response in opposition attempts to assert supervisory liability (DE 48 at 6), but the Complaint contains no factual allegations to support such a claim. (DE 52 at 4 n.2.) The Report also notes that any potential state-law tort claims would also be barred under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70(a), because there are no allegations of conduct outside the scope of her employment or within the statutory exceptions to immunity. (DE 52 at 5.)

Secondly, the *Report* states that the Eleventh Amendment bars suits against the State of South Carolina, its agencies, and its officials in their official capacities unless the State consents. *See Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020). SCDMH is an "arm of the State" entitled to immunity. (DE 52 at 6.) While voluntary removal can waive immunity for certain claims, this case was removed by the Wellpath Defendants (DE 1), not SCDMH or Gothard, and thus no waiver occurred. (DE 52 at 7.) This immunity applies to both § 1983 claims and state-law claims, except where the State has expressly consented, which has not occurred here. (DE 52 at 7–8.)

No party has filed objections to the Report and Recommendation, and the time for doing so has expired. In the absence of objections, the Court is not required to provide *de novo* review of a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Rather, "a district court need only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." *Id.* (citation omitted).

### C. Conclusion

The Court has reviewed the Report and Recommendation and finds no clear error. Accordingly, the Court adopts the Report and Recommendation (DE 52) in full.

**IT IS THEREFORE ORDERED** that Defendants SCDMH and Kelly Gothard's Motion to Dismiss (DE 29) is **GRANTED**, and all claims against these Defendants are **DISMISSED**. The case shall proceed against the remaining Defendants.

**IT IS SO ORDERED**.

                                                            Joseph Dawson, III
                                                            United States District Judge

Florence, South Carolina
August 12, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.