IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Gregory Younger, | Case No.: 2:24-cv-06066-JD-MGB |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Wellpath Recovery Solutions; Erin Gaffney; Michelle Dube; C. Nickles; Dr. Benjamin Franklin Thomas, Jr.; Carl Nesbitt; Latonia Grasty; South Carolina Department of Mental Health; Kelly Gothard; and Nursing Staff John and Jane Doe, | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff James Gregory Younger's ("Plaintiff") Motion to Reconsider (DE 58) the Court's August 12, 2025, Order adopting the Magistrate Judge's Report and Recommendation without objection[1] and dismissing Plaintiff's claims against the South Carolina Department of Mental Health ("SCDMH") and Kelly Gothard (collectively, "Defendants") (DE 54). Defendants filed a response in opposition (DE 60). For the reasons stated below, Plaintiff's motion is denied.

---

[1] Plaintiff subsequently filed an "Objection" to the Report and Recommendation on August 21, 2025 (DE 57). That filing was untimely because objections were due by July 31, 2025, *see* Fed. R. Civ. P. 72(b)(2), and it was submitted more than a week after the Court entered its August 12, 2025, Order adopting the Report. In any event, even if the objection were deemed timely and considered on the merits, it would not have altered the Court's judgment. The arguments raised—principally that removal waived Eleventh Amendment immunity and that supervisory liability should attach to Defendant Gothard—were already addressed and rejected in the Report and Order, and Plaintiff presented no new factual allegations in his Complaint that could support a different outcome.

1

## I.     LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

## II.     DISCUSSION

### A.     Dismissal of Claims

Plaintiff contends that the Court erred in dismissing his claims and argues that Defendants should not be entitled to qualified immunity. (DE 58 at 9.) Plaintiff is mistaken. The Court did not dismiss his claims on qualified immunity grounds. Rather, dismissal rested on two independent bases: (1) the Complaint contains no

factual allegations against Defendant Gothard—she is mentioned only in the caption and nowhere else (DE 52 at 4; DE 54 at 2); and (2) the Eleventh Amendment bars claims against SCDMH absent consent, which has not been given. (DE 52 at 6–8; DE 54 at 2–3.)

Plaintiff's motion identifies no intervening change in controlling law, new evidence previously unavailable, or clear error of law. Instead, it repeats arguments presented in his opposition to the motion to dismiss (DE 48) and again in his untimely objection to the Report and Recommendation (DE 57). Both filings argued that removal waived Eleventh Amendment immunity and that Gothard should be liable in a supervisory capacity. The Magistrate Judge and this Court expressly rejected those arguments. (DE 52 at 4–8; DE 54 at 2–3.) Rule 59(e) does not permit a party to relitigate matters already decided. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Moreover, Plaintiff tries to bolster his claims with new factual assertions raised for the first time in his motion for reconsideration, such as his claim that he notified Defendants "numerous times through written correspondence letters." (DE 58 at 6.) These assertions appear nowhere in the Complaint (DE 1-1) and cannot be introduced on reconsideration. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d at 403. As Defendants correctly note, the Complaint does not allege any conduct by Gothard or SCDMH. (DE 60 at 4–6.)

In short, Plaintiff's Rule 59(e) motion merely reasserts arguments already considered and rejected and introduces new allegations that cannot cure the

deficiencies in his pleadings. He has not shown a clear error of law, presented new evidence, or shown that reconsideration is necessary to prevent manifest injustice.

**B.     Appointment of Counsel**

Plaintiff also renews his request for appointment of counsel, arguing that it would be "impossible and highly unfair" to proceed without professional representation. (DE 58 at 9.) The Magistrate Judge previously denied Plaintiff's motion to appoint counsel, finding no "exceptional circumstances" warranting such appointment under controlling Fourth Circuit precedent. (DE 46 at 3–4 (citing *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024)).) The Court agrees with and adopts that reasoning. Plaintiff's claims, while serious, do not present undue complexity, and the record demonstrates he has ably represented himself to this point. Limited access to legal materials and the need for potential expert testimony do not, standing alone, justify appointment of counsel. See *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Goodman v. Johnson*, 524 F. App'x 887, 891 (4th Cir. 2013). Accordingly, to the extent that Plaintiff's motion for reconsideration seeks appointment of counsel, that request is denied.

### III.     CONCLUSION

Plaintiff has not shown a clear error of law, presented new evidence, or shown a change in controlling law. Nor has he shown that reconsideration is necessary to prevent manifest injustice. Plaintiff's objections were untimely, and even if considered on the merits, they would not alter the Court's judgment. Finally, if Plaintiff's motion seeks appointment of counsel, that request is also denied for the reasons stated by the Magistrate Judge and reaffirmed herein.

Accordingly, Plaintiff's Motion to Reconsider (DE 58) is **DENIED in full**.

**IT IS SO ORDERED**.

*[signature: Joseph Dawson III]*

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 19, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within reasons stated days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.