IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Gregory Younger, | Case No.: 2:24-cv-06066-JD-MGB |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Wellpath Recovery Solutions; Erin Gaffney; Michelle Dube; C. Nickles; Dr. Benjamin Franklin Thomas, Jr.; Carl Nesbitt; Latonia Grasty; South Carolina Department of Mental Health; Kelly Gothard; and Nursing Staff John and Jane Doe, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 68) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Plaintiff James Gregory Younger's ("Plaintiff" or "Younger") Renewed Motion to Remand (DE 62).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff, proceeding *pro se*, alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments and state law while civilly committed to the custody of the SCDMH beginning April 27, 2021. (DE 1-1 at 6.) Plaintiff claims that on July 22, 2021, and August 5, 2021, he received improper dental care and inadequate treatment for injuries, including "a large gaping hole in the roof of his mouth, his gums, his ridges, and his upper jaw bone structures were blown out and severely fractured." (*Id.* at 10.)

The action was filed in the Richland County Court of Common Pleas and removed to this Court by Defendants Wellpath Recovery Solutions ("Wellpath") and several associated staff members on October 24, 2024. (DE 1.) On November 1, 2024, the Court noted that Plaintiff's complaint appeared to name SCDMH and Gothard as defendants, but they had not yet appeared. (DE 8.) On March 24, 2025, following the lifting of a bankruptcy stay (DE 27), SCDMH and Gothard filed a Motion to Dismiss (DE 29). The Court granted the Motion to Dismiss on August 12, 2025, finding: (1) the Complaint contains no factual allegations against Gothard; and (2) the Eleventh Amendment bars claims against SCDMH absent consent, which has not been given (DE 54).

On September 15, 2025, Plaintiff filed a Renewed Motion to Remand (DE 62).[2] Defendants filed a response in opposition on October 1, 2025 (DE 67), and Plaintiff filed a reply on October 16, 2025 (DE 70).

---

[2] Plaintiff first moved to remand this case on December 5, 2024. (DE 16.) That motion was dismissed, with leave for Plaintiff to refile, while the case was stayed pending Wellpath's bankruptcy proceedings. (*See* DE 16; 21.)

### B. Report and Recommendation

On October 14, 2025, the Magistrate Judge issued the Report recommending Plaintiff's Motion to Remand (DE 68) be dismissed. After meticulous review, the Magistrate Judge concluded that this Court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint expressly asserts claims arising under the United States Constitution and 42 U.S.C. § 1983. (*Id.*)

The Report explains that Plaintiff's attempt to characterize his constitutional claims as exclusively grounded in state law is unavailing where the face of the Complaint alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution. Accordingly, the Magistrate Judge determined that removal was proper under 28 U.S.C. § 1441 because the Court possesses original federal question jurisdiction. (*Id.*) The Report further emphasizes that the presence of state law claims does not defeat federal jurisdiction where, as here, federal constitutional claims are plainly asserted as a basis for relief. (*Id.*)

The Magistrate Judge also addressed Plaintiff's request that this Court deem the prior dismissal of Defendants South Carolina Department of Mental Health ("SCDMH") and Kelly Gothard to be non-merits-based and jurisdictional in nature. Applying Rule 41(b) of the Federal Rules of Civil Procedure and controlling Fourth Circuit precedent, the Report recommends that the Court find the dismissal of Gothard for failure to state a claim constituted a final adjudication on the merits. (*Id.*) The Report further recommends that the dismissal of SCDMH based on Eleventh

Amendment immunity likewise be treated as a final judgment on the merits for Rule 41(b) purposes, notwithstanding the jurisdictional attributes of sovereign immunity. (*Id.*)

Finally, the Magistrate Judge noted that discovery remains ongoing and that dispositive motions remain due by October 24, 2025. Based on the foregoing analysis, the Magistrate Judge expressly recommends that Plaintiff's Renewed Motion to Remand (DE 62) be denied and that the Court formally recognize that the prior dismissals of Gothard and SCDMH operate as adjudications on the merits.

No objections to the Report have been filed.

### C.     Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

After a careful review of the entire record and the applicable law, the Court finds that the Magistrate Judge's Report and Recommendation is thorough, well reasoned, and supported by the record. In the absence of any objections, the Court finds no clear error. Accordingly, the Court hereby adopts the Report and Recommendation (DE 68) in full.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion to Remand (DE 62) is **DENIED**.

IT IS FURTHER ORDERED that the prior dismissal of Defendant Kelly Gothard for failure to state a claim and the dismissal of Defendant South Carolina Department of Mental Health based on Eleventh Amendment immunity constitute final adjudications on the merits pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 10, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.